# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRIL MUNRO DIXON,<br><br>                              Petitioner,<br><br>         v.<br><br>HERNANDEZ, Warden,<br><br>                              Respondent. | Civil No.   08cv0040-WQH (NLS)<br><br>**ORDER DISMISSING CASE WITHOUT PREJUDICE AND WITHOUT FURTHER LEAVE TO AMEND** |

On January 7, 2008, Petitioner, a state prisoner proceeding pro se, filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 1.) On January 14, 2008, this Court dismissed the Petition because Petitioner had failed to allege exhaustion of state court remedies as to any claim presented in the Petition. (See 1/14/08 Order at 1-3.) The dismissal was without prejudice, and Petitioner was granted leave to file an amended petition so that he could allege exhaustion of state court remedies, if possible. (Id. at 3.)

Petitioner has now filed a First Amended Petition. (Doc. No. 4.) Petitioner once again indicates that he has not presented his claims to the California Supreme Court. (First Amended Petition at 6-9.) For the reasons set forth in the Court's previous Order of dismissal, because Petitioner has failed to allege exhaustion of state court remedies as to his claims, this Court is unable to consider his Petition. See 28 U.S.C. § 2254(b), (c); Granberry v. Greer, 481 U.S. 129, 133-34 (1987).

Rule 4 of the Rules Governing Section 2254 Cases provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . ." Rule 4, 28 U.S.C. foll. § 2254. Here, it appears plain from the First Amended Petition that Petitioner is not presently entitled to federal habeas relief because he has not alleged exhaustion of state court remedies. Furthermore, it is now clear that Petitioner is unable to allege exhaustion of his state court remedies at this time. Therefore, the First Amended Petition is **DISMISSED** without further leave to amend. However, the dismissal is without prejudice to Petitioner to present his claims in a separate habeas petition, which will be given a new civil case number, if and when he exhausts his state court remedies.

## CONCLUSION

For the foregoing reasons, the Court **DISMISSES** this case without prejudice and without further leave to amend. If Petitioner wishes to proceed with his claims, he may file a new habeas petition, which will be given a new civil case number, if and when he exhausts his state court remedies.

**IT IS SO ORDERED.**

DATED: February 26, 2008

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge